**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| TRAVIS DARROW and CHRIS DONNELLY,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>TAYLOR SWIFT and APPLE, INC.,<br><br>　　　　Defendants. | Civil Action No.<br>15-12911-FDS |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On June 30, 2015, plaintiffs Travis Darrow and Chris Donnelly, both prisoners at the State Correctional Institute, Benner Township, Bellefonte, Pennsylvania, filed a two-page handwritten document entitled "Preliminary Injunction, Temporary Restraining Order TRO 28 U.S.C. § 1331." (Docket No. 1). The document names as defendants singer Taylor Swift and Apple, Inc.

As to Taylor Swift, Travis and Donnelly allege that in 1989, they were at the Boston Garden when they came up with the idea for her album "1989."[1] They contend that she stole their idea.[2] Travis and Donnelly further allege that Taylor Swift pick-pocketed them to obtain their Apple iPhones and stole their credit cards in order to buy tickets from Tickettron (an

---

[1] According to Taylor Swift's website, "1989" was released on October 27, 2014. *See* www.taylorswift.com/releases#.release/12453.

[2] According to public source information, Taylor Swift was born in 1989.

internet website that sells tickets to events) so that her concert would sell out. They allege that by doing this, she was "cooking the books." *Id.* at 2. They further claim that Taylor Swift is lip-synching. *Id.*

With respect to Apple, Inc., Travis and Donnelly claim that they invented the Apple iPhone in 1989. They further allege:

> Apple, Inc. pelted our heads with Apples–Taylor Swift as Eve. Defendants are rotten to the core. We are scared Taylor Swift has Pennsylvania ties [and] we are frightened of her. She might cut out our voice boxes for whistleblowing. In 1989 we were riding bikes next to Swift tracking Taylor Swift [she] put a stick in our bicycle spokes [.] [W]e Flipped and Swift Flipped us off. Apple, Inc. gave Jobs [illegible word]. Apple witches watches us. We [were] worried sick. Panic Attacks.

*Id.* at 1 [brackets added]

Plaintiffs seek a restraining order against Taylor Swift from singing lyrics that offend them. They do not state what relief is sought against Apple, Inc. Plaintiffs did not pay the filing fee nor did they seek leave to proceed *in forma pauperis*.

I.   Discussion

   A.   The Filing Fee

A party (or parties) bringing a civil action must either (1) pay the $350 filing fee and the $50 administrative fee, *see* 28 U.S.C. § 1914(a), or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*).[3] Where, as here, the plaintiffs are prisoners, each motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

---

[3] The $50 administrative fee became effective May 1, 2013; it does not apply to persons proceeding *in forma pauperis*. *See* Judicial Conference Fee Schedule.

complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[4]

As noted, plaintiffs have not paid the fee nor filed any requests for a waiver of the filing fee. Generally, in such situations, the Court would permit the prisoner plaintiffs an opportunity to pay the filing fee in full or else file a motion for leave to proceed *in forma pauperis* accompanied by a certified prison account statement. For the reasons set forth below, however, this action is being dismissed *sua sponte* and thus no further opportunity to cure the defects will be given.

### B.     Failure to File a Complaint

Rule 3 of the Federal Rules of Civil Procedure state that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Here, Travis and Donnelly have not filed a "complaint"; rather, they have filed what this Court deems to be a motion for preliminary injunction and temporary restraining order. The Court will not construe that pleading as their complaint, because it does not remotely comport with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure and fails to state a claim upon which relief can be granted.[5] It is frivolous and implausible in the extreme.

This Court generally would permit plaintiffs an opportunity to file an amended

---

[4] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Rather, filing-fee payments are assessed and collected until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

[5] Rule 10 requires, in part, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . ." Fed. R. Civ. P. 10(b). Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) . Further, it should at least "set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez,* 367 F.3d 61, 68 (1st Cir. 2004).

complaint. However, because the allegations presented by Darrow and Donnelly are obviously frivolous, no such opportunity will be provided here. *See Street v. Fair*, 918 F.2d 269 (1st Cir. 1990) (*sua sponte* dismissals do not require notice to plaintiff with opportunity to respond, if the claim is based on an "indisputably meritless legal theory" such as when founded on fanciful scenarios.[6]

In light of this, the action will be dismissed in its entirety, and plaintiffs' request for injunctive relief in any form will be denied. Should plaintiffs wish to file a new complaint (in a new case), they must pay the filing fee or submit applications to waive the filing fee accompanied by their certified prison account statements for the six-month period preceding the filing of any complaint. No filing fee will be assessed against the plaintiffs at this time; however, plaintiffs are advised that a filing fee will be assessed against them pursuant to the Prison Litigation Reform Act if a complaint is filed and the filing fee is not paid in full.

**II.     Conclusion**

For the foregoing reasons,

1. Plaintiffs' Motion for a Preliminary Injunction and Temporary Restraining Order (Docket No. 1) is DENIED; and
2. This action is DISMISSED in its entirety.

---

[6] This Court recognizes that there is no screening authority pursuant to 28 U.S.C. § 1915(e) because the plaintiffs are not proceeding *in forma pauperis*, nor is their screening authority pursuant to 28 U.S.C. § 1915A because the plaintiffs are not suing governmental entities or employees. Nevertheless, the Court has inherent authority to manage its cases, and to dismiss a case if it patently meritless. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 36 (1st Cir. 2001) ("We will uphold a sua sponte order of dismissal only if the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption").

**So Ordered.**

                                                         /s/ F. Dennis Saylor  
                                                         F. Dennis Saylor IV  
Dated: July 22, 2015                                    United States District Judge